**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

BUDDY R. LYONS, JR.,                    )
                                        )
                    Plaintiff,          )
        v.                              )        No. 2:25-cv-00093-SEP
                                        )
S. CRAWFORD, et al.,                    )
                                        )
                    Defendants.         )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Buddy Lyons, Jr.'s Application for Leave to Proceed Without Prepaying Fees or Costs and Motion for Appointment of Counsel, Docs. [2], [3]. For the reasons set forth below, the Application is granted, and the Motion for Appointment of Counsel is denied without prejudice. Plaintiff will be required to file an amended complaint on a Court-provided Prisoner Complaint form[1] within 30 days of the date of this Order.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v.*

---

[1] Though Plaintiff is not incarcerated, the Prisoner Civil Rights Complaint Form includes information helpful for suing government officials, including what capacity a plaintiff is suing under.

1

*Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff Buddy Lyons, Jr. filed this action against Kirksville Missouri Police Deputies S. Crawford, M. Maggart, and L. Backmen, and the Kirksville Police Department, pursuant to 42 U.S.C. § 1983. Doc. [1] at 1. Plaintiff claims that his civil rights were violated on March 21, 2025, and April 21, 2025, when Kirksville police officers subjected him to false arrest. Doc. [1] at 5. Plaintiff also claims that Defendants "failed to reconize [sic] RSMO 302.600 Missouri Driver's license compact." *See id*. He alleges that the Chief of Police discarded his "citizenship status correction and fee schedule" and pursued "false claims and arrest."[2] *Id.* at 5.

---

[2] Based on the attachment to Plaintiff's Complaint, Plaintiff may be attempting to challenge Missouri state laws that regulate driver's licenses, vehicle registration, and the operation of motor vehicles on Missouri highways. *See* Doc. [1-3] at 1-10. Plaintiff's arguments are of the kind often filed by "sovereign citizens," who generally believe that they are exempt from federal and state laws. *Waters v. Madson*, 921 F.3d 725, 732 n.4 (8th Cir. 2019); *see also United States v. Barraza*, 982 F.3d 1106, 1113 n.3 (8th Cir. 2020). Courts have routinely denied sovereign citizen claims based on an unfettered right to travel. *See, e.g.*, *Hyppolite v. Broward Sheriff's Off.,* No. 16-6125, 2017 WL 2691978 (S.D. Fla. June 22, 2017) (rejecting argument of plaintiff pulled over for speeding who claimed that as a "traveler" he did not need a driver's license); *Secor v. Okla.,* No. 16-CV-85, 2016 WL 6156316 (N.D. Okla. Oct. 21, 2016) (dismissed sovereign citizen plaintiff's suit for failure to state a claim that included allegations that he was not required to have a driver's license and automobile insurance); *Matthews v. United States*, No. 3:16cv00148, 2016 WL 2624974 (S.D. Ohio May 9, 2016) (dismissing "sovereign freeman" plaintiff's

2

On January 5, 2026, Plaintiff filed a Supplemental Complaint, *see* Doc. [4], seeking waiver of the filing fee.  Doc. [4] at 1.  Attached to his Supplemental Complaint was a two-page typewritten "Petition for Damages" against the Kirksville Police Department.  Doc. [4] at 2-3.  In his "Petition for Damages," Plaintiff invokes the Missouri Tort Claims Act and the Missouri Tort Victims' Compensation Fund.  *Id.*  It is unclear if Plaintiff wants the "Petition for Damages" to supersede his prior Complaint or to supplement to his claims.[3]

Plaintiff seeks damages in excess of four million dollars.  Doc. [1] at 5.

### DISCUSSION

Even with the benefit of a liberal construction, the Complaint in its current form cannot survive initial review under 28 U.S.C. § 1915(e)(2).  But considering Plaintiff's pro se status, the Court will give him the opportunity to amend.

First, Plaintiff names as a Defendant the Kirksville Police Department.  But his claims against the Department under 42 U.S.C. § 1983 must fail, as the Kirksville Police Department is not a suable entity under § 1983.  *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (county jail and sheriff's department are not suable entities).

Plaintiff also has not properly stated a claim for false arrest against the City of Kirksville.  To hold a municipality liable for a § 1983 violation, a plaintiff must allege that the municipality has committed a constitutional violation through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 (1978).  Plaintiff's Complaint lacks any such allegations.  Therefore, he does not state a *Monell* claim against the City.

Finally, Plaintiff has not included any personal allegations against Defendants S. Crawford, M. Maggart, or L. Backmen in his Complaint.  To state a claim against a defendant under § 1983, a plaintiff must allege how that defendant was personally involved in or directly

---

claims that arose from a traffic stop resulting in multiple citations including driving with an expired driver's license).

[3] Plaintiff may not amend his pleading through interlineation or supplementation.  *See Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

responsible for the deprivation of the plaintiff's constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).

**INSTRUCTIONS FOR AMENDING THE COMPLAINT**

Plaintiff will have an opportunity to amend his Complaint on a Court-provided Prisoner Complaint form. An amended complaint will entirely replace the original Complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). Any claims that are not realleged in an amended complaint will be deemed abandoned. *See id.* Plaintiff must type or neatly print his amended complaint on the Court's Prisoner Civil Rights Complaint Form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A).

In the "Caption" section of the form, Plaintiff should write the name of any Defendant he intends to sue. *See* Fed. R. Civ. P. 10(a). Plaintiff must specify whether he sues each Defendant in his official or individual capacity. Failure to sue a Defendant in his or her individual capacity may result in the dismissal of that Defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing a Defendant's name. Then, in separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that Defendant, and (2) state what constitutional or federal statutory right(s) that Defendant violated. If Plaintiff is suing more than one Defendant, he should proceed similarly with each one, separately writing each Defendant's name and, under that name, in numbered paragraphs, the allegations specific to that Defendant and the right(s) that Defendant violated. Plaintiff should avoid including unnecessary detail in his amended complaint. Plaintiff will have the opportunity to present evidence and argument in support of his claims if the case proceeds to the next stage of litigation.

If Plaintiff names a single Defendant, he may set forth as many claims as he has against that Defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one Defendant, he may include only claims that arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff may file a separate civil action to assert any unrelated claims. Plaintiff must allege facts explaining how each Defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of each Defendant sufficiently to provide notice to the Defendant regarding what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) ("The

4

essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'").

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also moved for appointment of counsel. Doc. [2]. That motion is denied without prejudice. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id.* (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (quoting *Phillips*, 437 F.3d at 794).

On review of the factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has yet to file a Complaint that survives initial review. There is no indication that Plaintiff is unable to present his claims, and neither the factual nor the legal issues in this case appear to be especially complex. Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court might reconsider appointing counsel if it becomes appropriate as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a blank Prisoner Civil Complaint form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **30 days** of the date of this Order. Any amended complaint will replace the original Complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order may result in dismissal of this action, without prejudice and without further notice.

Dated this 10th day of August, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6